# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 30, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

HELENE QUINTANA,        \*      No. 15-1273

            \*

      Petitioner,      \*      Special Master Sanders

            \*

v.             \*

            \*      Decision; Interim Attorneys' Fees

SECRETARY OF HEALTH      \*      and Costs; Hourly Rate; Reduction

AND HUMAN SERVICES,      \*      of Billable Hours; Reduction of Costs

            \*

      Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 13, 2019, Helene Quintana ("Petitioner") filed a motion for interim attorneys' fees and costs, seeking $44,797.83 in interim fees and costs for her counsel, Mr. Ronald C. Homer. Pet'r's Mot. for Interim Att'ys' Fees and Costs, ECF No. 58 [hereinafter Pet'r's Mot. for IAFC]. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I. Procedural History

On October 28, 2015, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program,[2] 42 U.S.C. §§ 300aa-1 to -34 (2012), alleging that the influenza ("flu") vaccine she received on November 3, 2012, caused her to develop peripheral ulcerative keratitis. Pet. at 1, ECF No. 1. This case was originally assigned to Special Master Hamilton-Fieldman. Not. of Assignment, ECF No. 4. Over the next two months, Petitioner filed eighteen exhibits consisting medical records and two affidavits, Pet'r's Exs. 1–18, ECF Nos. 8-1–8-9, 9-1–9-4, 10-1, 12-1–12-2, 15-1–15-2, and a statement of completion on January 7, 2016, ECF No. 16.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent filed his Rule 4(c) report on January 26, 2016, recommending that entitlement be denied. ECF No. 17. Based on Respondent's report, Special Master Hamilton-Fieldman held a status conference with the parties and ordered Petitioner to submit additional medical records and a status report regarding onset and possible alternative causes by March 30, 2016. *See* Min. Entry, docketed Feb 23, 2016; Sched. Order, ECF No. 18. Petitioner filed said status report on March 15, 2016, indicating that no additional medical records existed and requesting a deadline to file an expert report. ECF No. 19. Special Master Hamilton-Fieldman ordered Petitioner to file an expert report by May 10, 2016. Non-PDF Order, docketed Mar. 15, 2016.

Petitioner filed two motions for extension of time over the next three months, which Special Master Hamilton-Fieldman granted, *see* ECF Nos. 20–22, Non-PDF Order, docketed June 14, 2016, and filed an expert report from Frederick W. Fraunfelder, M.D., M.B.A., and eight pieces of supporting medical literature, on July 12, 2016, Pet'r's Ex. 19, Tabs A–H, ECF No. 24-1. Special Master Hamilton-Fieldman ordered Respondent to file a responsive expert report by September 20, 2016. Non-PDF Order, docketed Aug. 9, 2016. Respondent filed an expert report authored by Hamid Bassiri, M.D., and ten pieces of supporting medical literature, on September 20, 2016. Resp't's Exs. A, C–L, ECF Nos. 27-1, 27-3–27-12.

Special Master Hamilton-Fieldman held a status conference with the parties on September 29, 2016, *see* Min. Entry, docketed Sept. 29, 2016, and ordered Petitioner to file updated medical records and a status report clarifying her past medical history and current medical status by October 27, 2016. ECF No. 28. Special master Hamilton-Fieldman also ordered Petitioner to file a supplemental expert report and status report indicating a demand had been forwarded to Respondent by November 24, 2016. *Id.* Petitioner filed updated medical records, an affidavit, and a status report on October 27, 2016. *See* Pet'r's Exs. 21–25, ECF Nos. 29-1–29-5; Pet'r's Ex. 26, ECF No. 30-1; Status Report, ECF No. 32. Petitioner filed additional medical records on November 21, 2016. Pet'r's Exs. 27–30, ECF Nos. 34-1–34-5.

On November 23, 2016, Petitioner filed a motion for extension of time to submit an expert report and a status report regarding a settlement demand, which Special Master Hamilton-Fieldman granted. ECF No. 35; Non-PDF Order, docketed Nov. 23, 2016. On January 5, 2017, Petitioner filed a supplemental expert report from Dr. Fraunfelder, Pet'r's Ex. 32, ECF No. 37, and a motion for extension of time to forward a demand to Respondent, ECF No. 39. This case was reassigned to me on January 9, 2017, *see* ECF No. 40, and I granted Petitioner's motion for extension of time on January 10, 2017, Non-PDF Order, docketed Jan. 10, 2017.

Petitioner filed said status report on February 2, 2017. ECF No. 42. I ordered Respondent to file either a status report outlining the next steps for informal resolution or a responsive supplemental expert report by March 6, 2017. Non-PDF Order, docketed Feb. 3, 2017. Respondent elected to file a supplemental expert report and filed two motions for extension of time to do so over the next two months, which I granted. ECF Nos. 43–44; Non-PDF Orders, docketed Feb. 3, 2017 and Mar. 30, 2017. Respondent filed a supplemental expert report from Dr. Bassiri on April 25, 2017. Resp't's Ex. M, ECF No. 45-1.

I held a status conference with the parties on May 9, 2017 and ordered Petitioner to file a supplemental expert report by July 10, 2017. Min. Entry, docketed May 9, 2017; Sched. Order,

ECF No. 46. Petitioner filed a motion for extension of time on July 10, 2017, ECF No. 48, which I granted, Non-PDF Order, docketed July 10, 2017, and filed a supplemental expert report from Dr. Fraunfelder and seven pieces of supporting medical literature on August 9, 2017, Pet'r's Ex. 33, Tabs A–F, ECF Nos. 49-1–49-7. Respondent indicated a desire to file a responsive expert report on August 16, 2017, ECF No. 51, and filed said report and one piece of supporting medical literature on September 15, 2017, Resp't's Exs. N–O, ECF Nos. 52-1–52-2.

The parties contacted Chambers via email on September 18 and 25, 2017, to request an entitlement hearing. *See* Informal Comm., docketed Sept. 29, 2017. On the same date, I issued an order stating that "[d]ue to the high volume of cases that are ready for entitlement hearings and the limited number of Special Masters, no further hearings will be scheduled until further notice. Chambers will reach out to the parties when hearing dates become available." ECF No. 53.

Over the next year-and-a-half, Petitioner continued to file updated medical records as they became available. *See* Pet'r's Exs. 4–38, ECF Nos. 54-1–54-4, 56-1. On March 13, 2019, Petitioner filed her motion for interim attorneys' fees and costs. Pet'r's Mot. for IAFC, ECF No. 58. Respondent filed his response to Petitioner's motion on March 26, 2019. Resp't's Resp., ECF No. 59. In his response, Respondent indicated that he "defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award . . . ." *Id.* at 2. Petitioner did not file a reply. *See* docket. This matter is now ripe for consideration.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Applying these standards, an award of interim costs is reasonable and appropriate in this case. Over three-and-a-half years have passed since Petitioner filed her petition. To date, Petitioner has submitted three expert reports and numerous exhibits in support of her claim. *See* Pet'r's Exs. 1–38. The parties also requested an entitlement hearing in September of 2017. *See*

Informal Comm., docketed Sept. 29, 2017. However, due to a multitude of factors, many cases in the Program are not proceeding as quickly as they may have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816, at \*5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) (where an entitlement hearing was scheduled for later the same month, the special master noted that "[i]t may be months to years before an entitlement ruling is issued."); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at \*4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Based on the number and nature of cases currently waiting for available hearing dates, a hearing will likely not be held in this case until sometime in 2020. Petitioner's counsel has requested almost $45,000 in attorneys' fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at \*2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Therefore, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees and Costs

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1347 (citing *Saxton v. Sec'y of Health and Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993)). This is a two-step process. *See id.* at 1347–48. First, the court "determines an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court "may then make an upward or downward departure to the fee award based on other specific findings." *Id.* at 1348 (citing *Blum*, 465 U.S. at 888).

The Federal Circuit has found that "[i]t [is] well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

### A. Attorneys' Fees

#### 1. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Avera*, 515 F.3d at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*18–19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience

in the Vaccine Program, as well as the quality of the work performed. *Id.* at \*17. The *McCulloch* rates have been updated for subsequent years and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

Petitioner requests the following hourly rates for the attorneys, paralegals, and law clerks who have worked on this matter to date:
- Ronald C. Homer:
    - 2015 – $400
    - 2016 – $400
    - 2017 – $409
    - 2018 – $421
- Christina M. Ciampolillo:
    - 2016 – $300
    - 2017 – $307
- Meredith K. Daniels:
    - 2016 – $280
    - 2017 – $286
- Joseph M. Pepper:
    - 2015 – $290
    - 2016 – $290
    - 2017 – $297
    - 2018 – $305
    - 2019 – $331
- Lauren E. Faga:
    - 2016 – $265
- Paralegals:
    - 2015 – $135
    - 2016 – $135
    - 2017 – $138
    - 2018 – $142
    - 2019 – $145
- Law Clerk(s):
    - 2015 – $145
    - 2016 – $145
    - 2018 – $152

The Conway Homer, PC, firm is located in Boston, Massachusetts, thus forum rates apply. Most of the rates requested are consistent with what these individuals have been previously awarded in the Program and I find that the rates are reasonable in light of *McCulloch*. *See Rice v. Sec'y of Health & Human Servs.*, No. 15-1335V, 2018 WL 4784563 (Fed. Cl. Spec. Mstr. Aug. 27, 2018); *see also Zerbey v. Sec'y of Health and Human Servs.*, No. 16-1514V, 2018 WL 3991225 (Fed. Cl. Spec. Mstr. June 25, 2018). However, I will reduce Mr. Pepper's 2019 hourly rate to $325 an hour as is consistent with previous Program cases, the 2019 *McCulloch* rates, and the producer price index for the office of lawyers ("PPI-OL"). *See Curri v. Sec'y of Health and Human*

*Servs.*, No. 17-432V, 2019 WL 2636032, at *2–3 (Fed. Cl. Spec. Mstr. May 28, 2019). This represents a total reduction of $**2.40** from Petitioner's fee award.[3]

### 2. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. Petitioner requests $38,356.10 in interim attorneys' fees. Pet'r's Mot. for IAFC at 2. Based on a review of the billing records submitted to support Petitioner's fee application, I find that a reduction in the number of hours requested is appropriate. Five attorneys, multiple paralegals, and a law clerk all billed hours in this case. *See* Pet'r's Mot. for IAFC, Tab A. As other special masters have noted, this type of staffing model leads to inefficiency and unnecessary billing entries. *See Rice*, 2018 WL 4784563, at *2. Accordingly, I will reduce Petitioner's requested attorneys' fees by 5%, or **$1,917.81**.[4]

### B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests $6,441.73 in costs, the significant majority of which are related to retaining Dr. Frederick W. Fraunfelder, M.D., M.B.A., as an expert witness. *See* Pet'r's Mot. for IAFC, Tab B. Petitioner requests $500 an hour for the work performed by Dr. Fraunfelder in 2016 and 2017. *See id.* at 14. While Dr. Fraunfelder is a qualified expert and submitted three expert reports in this case, his experience in the Program does not justify an entitlement to this rate level. It seems that Dr. Fraunfelder is new to the Vaccine Program, and his rate has been reduced to $400 an hour in two previous cases to reflect his relative lack of testifying experience. *See Derenzo v. Sec'y of Health and Human Servs.*, No. 16-035V, 2018 WL 1125231, *3 (Fed. Cl. Spec. Mstr. Jan. 9, 2018); *see also Emerson v. Sec'y of Health and Human Servs.*, No. 15-042V, 2018 WL 3433317 (Fed. Cl. Spec. Mstr. May 30, 2018). I will make a similar reduction and award Petitioner $400 an hour for the work performed by Dr. Fraunfelder. This equates to a total reduction of Petitioner's cost award of **$650**.[5] All of Petitioner's other submitted costs seem reasonable, and I therefore award them in full.

### IV. Conclusion

In accordance with the Vaccine Act, I award Mr. Homer $36,435.89 in interim attorneys' fees and $5,791.73 in interim costs. Accordingly, I award the total of **$42,227.59** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Ronald C. Homer, of Conway Homer, PC, for interim attorneys' fees and costs.

---

[3] Attorney billing records reveal that Mr. Pepper billed a total of .4 hours on this case in 2019, and Petitioner requested $132.40 for this work ($331 x .4). At Mr. Pepper's $325 hourly rate, Petitioner is entitled to $130 for Mr. Pepper's work in 2019 ($325 x .4).

[4] $38,356.10 x .05.

[5] *Compare* ($500 x 6.5 = $3,250) *with* ($400 x 6.5 = $2,600).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.